UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| USAA LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00279-SEB-DML |
| | ) | |
| OSCAR CYRANEK, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTIONS FOR INTERPLEADER
DEPOSIT AND TO DISMISS COUNTERCLAIMS**

This action is one for interpleader relief and comes before the Court on Plaintiff's

Motion for Interpleader Deposit [Dkt. 4], pursuant to 28 U.S.C. § 1335, and Plaintiff's

Motion to Dismiss Counterclaim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff USAA Life Insurance Company ("USAA Life") has filed an interpleader

complaint in this case to resolve what it contends are the competing claims of Defendants

Oscar Cyranek and Brian Buchanan for the proceeds of a life insurance policy issued by

USAA Life.  Mr. Buchanan has counterclaimed, alleging claims against USAA Life for

breach of contract, promissory estoppel, and intentional infliction of emotional distress.

For the reasons detailed below, we GRANT Plaintiff's Motion for Interpleader Deposit

and GRANT Plaintiff's Motion to Dismiss Counterclaim.

**Factual Background**

On November 24, 2006, USAA Life issued to Monika Buchanan ("Monika") a

Level Term Series V Life Insurance Policy, with a policy number ending in 8495 (the

1

"Policy").  Pursuant to the Policy, in the event of Monika's death, USAA Life would pay to the beneficiary of the Policy the death benefits of $250,000 plus interest accruing at the rate of two percent.

When the Policy was first issued, Monika's husband at the time, Defendant Oscar Cyranek, was listed as its beneficiary.  Monika and Mr. Cyranek subsequently divorced and Monika married Defendant Brian Buchanan on April 6, 2019.  On January 9, 2019, a few months before she married Mr. Buchanan, Monika contacted USAA Life by telephone and instructed USAA Life to remove Mr. Cyranek as the beneficiary of the Policy and designate Mr. Buchanan as the new beneficiary.  That same day, USAA Life issued correspondence to Monika in which it stated that Mr. Buchanan had been designated as the beneficiary of the Policy per Monika's oral instructions.

Sadly, Monika died very soon thereafter—on May 17, 2019.  In a letter dated May 24, 2019, USAA Life contacted Mr. Buchanan, advising him that he was the sole beneficiary of the Policy and inviting him to confer with a USAA Life financial advisor. In that same letter, USAA Life provided Mr. Buchanan with the documents required to file a claim for the Policy proceeds, instructing him to mail, fax, or electronically remit the documents.  A financial advisor from USAA Life also left a voicemail message with Mr. Buchanan offering to consult with him regarding the Policy proceeds.

On June 11, 2019, Mr. Cyranek filed a petition with the Dearborn Circuit Court in Dearborn County, Indiana, requesting to be appointed personal representative of Monika's estate.  In that petition, Mr. Cyranek testified under penalty of perjury that the proceeds of the Policy were meant to be paid not to him but to his and Monika's minor

daughter.  Mr. Cyranek further represented to the court that Mr. Buchanan had used a power of attorney to list himself as the beneficiary of the Policy, a representation that was later determined to be untrue.

Mr. Cyranek and Mr. Buchanan appeared in the Dearborn Circuit Court on June 11, 2019 for a hearing on Mr. Cyranek's petition.  During the hearing, Mr. Buchanan agreed not to submit the documentation to claim the Policy proceeds while the court considered the petition.  The court ultimately appointed a third party as the personal representative of Monika's estate who served USAA Life with a subpoena to obtain all documents pertaining to the Policy.  It was determined based on that documentation that Mr. Cyranek's and Monika's daughter had never been a named beneficiary under the Policy.  There was also no evidence that Mr. Cyranek had at any time filed a claim with USAA Life, either for himself or on behalf of his daughter, to claim the Policy proceeds.

In September 2019, Mr. Buchanan moved for summary judgment in the Dearborn Circuit Court case arguing that the Policy proceeds should be paid to him as the sole beneficiary.  A hearing on Mr. Buchanan's motion was scheduled for November 25, 2019.  Prior to the hearing, Mr. Cyranek moved to voluntarily dismiss his claims to the proceeds of the Policy.  At the November 23 hearing, the court granted Mr. Cyranek's motion to dismiss and appointed Mr. Buchanan as the personal representative of Monika's estate.  There was no adjudication by the state court determining the rightful beneficiary of the Policy proceeds.

Following the hearing, counsel for USAA had conversations with Mr. Cyranek and his attorney as well as Mr. Buchanan and his attorney.  Shortly thereafter, Mr.

Buchanan submitted his paperwork to claim the Policy proceeds.  At some point after the paperwork was submitted, USAA Life contacted Mr. Buchanan to inform him that it was investigating whether Mr. Cyranek had a claim to the Policy proceeds since it had been informed that, despite his voluntary dismissal of his claims in the Dearborn Circuit Court proceeding, Mr. Cyranek potentially still intended to pursue a claim for the Policy proceeds in a different forum.  Specifically, Mr. Cyranek's current claim is that the Policy required that any change of beneficiary be made in writing, which did not occur, and thus, per the Policy, he remained the named beneficiary on the date of Monika's death and is entitled to the Policy proceeds.

USAA Life filed this interpleader action on December 19, 2019, alleging that it has "a real and reasonable fear of double liability or vexatious, conflicting claims regarding the proceeds of the Policy" and thus "requires direction of the Court as to whom should receive the proceeds of the Policy."  Dkt. 1 ¶¶ 23–24.  Simultaneously with the filing of its complaint, USAA Life moved to interplead the Policy proceeds of $250,000.  Mr. Buchanan objects to USAA Life's request to interplead funds; Mr. Cyranek has put forth no objection.

Mr. Buchanan has also filed a counterclaim against USAA Life alleging claims for breach of contract, promissory estoppel, and intentional infliction of emotional distress based on USAA Life's filing of the instant interpleader action rather than paying him the Policy proceeds.  USAA Life has moved to dismiss Mr. Buchanan's counterclaim.

Now before us for decision are USAA Life's motions to interplead funds and to dismiss Mr. Buchanan's counterclaim, which we address in turn below.

## Legal Analysis

### I.     Motion for Interpleader Deposit

USAA Life has moved to interplead funds, seeking to deposit with the court the Policy proceeds of $250,000.  Mr. Buchanan objects to the motion for interpleader deposit, claiming Mr. Cyranek's position is groundless, and thus, USAA Life can have no legitimate fear of multiple litigation and is not entitled to an interpleader remedy and should not be permitted to interplead the Policy proceeds.

#### A.     Legal Standard

"The purpose of an interpleader action is to protect a stakeholder from the vexation of multiple lawsuits over contested property or funds, and the possibility of multiple liability that might result from adverse determinations in different courts." *United States v. Armstrong*, No. 1:06-cv-884-SEB-JMS, 2007 WL 4438924, at *5 (S.D. Ind. Dec. 17, 2007) (citations omitted).  Interpleader actions typically proceed in two stages.  *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008).  At the first stage, the court determines whether interpleader is appropriate by assessing whether the various interpleader requirements have been met and whether interpleader is an appropriate remedy given the facts of the case, including whether the jurisdictional requirements are satisfied, whether the stakeholder has a legitimate fear of multiple litigation directed at a single stake, and whether the claims are adverse to the stake and to one another. *Armstrong*, 2007 WL 4438924, at *6 (citing *Indianapolis Colts v. Baltimore*, 741 F.2d 954, 958 (7th Cir. 1984)).  At the second stage, the court adjudicates the adverse claims of the defendant claimants as to the property or funds at issue.  *Id.*

"Interpleader can be statutory or rule-based." *Prudential Ins. Co. of Am. v. Barker*, No. 4:18 CV 76, 2020 WL 108661, at *3 (N.D. Ind. Jan. 9, 2020).  Here, Plaintiff seeks interpleader relief under the federal interpleader statute, 28 U.S.C. § 1335 and 28 U.S.C. § 2361.  Under § 1335, federal courts have original jurisdiction over interpleader actions in cases in which the amount in controversy is $500 or more; the case involves two or more adverse claimants of diverse citizenship; and the plaintiff has deposited the funds or other property subject to dispute into the registry of the court.  *Id.*  Pursuant to § 2361, an action for interpleader allows a stakeholder "who has no claim to the money in the accounts and is willing to release it to the rightful claimant, 'to put the money … in dispute into court, withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court.'"  *Commercial Nat'l Bank of Chicago v. Demos*, 18 F.3d 485, 487 (7th Cir. 1994) (quoting *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 583 (D.C. Cir. 1993)).

## B.    Discussion

Here, no dispute arises over the facts that the Policy proceeds exceed $500, that Defendants are diverse parties, and that USAA Life seeks to deposit the funds at issue into the registry of the court.  Accordingly, these jurisdictional requirements of § 1335 are met.  Mr. Buchanan argues, however, that interpleader is nonetheless inappropriate in this case because USAA Life has not shown that Mr. Cyranek has made a valid claim against the Policy proceeds, depriving USAA Life of a reasonable and legitimate fear of double liability or multiple litigation concerning the funds.  For the following reasons, we disagree.

Here's the rule: "Interpleader is justified only when the stakeholder has a real and reasonable fear of double liability or conflicting claims." *Mahl*, 550 F.3d at 663 (citing *Indianapolis Colts*, 741 F.2d at 957). However, "[a] 'real and reasonable fear' does not require the party requesting inter-pleader to show that the claimants might eventually prevail." *Id.* Rather, the potential adverse claims must satisfy only a "minimal threshold level of substantiality." *Indianapolis Colts*, 741 F.2d at 958.

We find that standard satisfied here. There is no dispute that, when the Policy was issued, Mr. Cyranek was originally listed as the beneficiary. After Mr. Cyranek and Monika divorced and shortly before she married Mr. Buchanan, Monika contacted USAA Life by telephone and orally changed the beneficiary of the Policy to Mr. Buchanan, who remained the named beneficiary at the time of her death and filed a claim for the Policy proceeds on that basis. Mr. Cyranek claims, however, that because the change in beneficiary was not made in writing as required by the Policy, he remains the proper beneficiary and is therefore entitled to the Policy proceeds. *See Quinn v. Quinn*, 498 N.E.2d 1312, 1313–14 (Ind. Ct. App. 1986) (requiring "substantial compliance" with insurance policy requirements concerning a change of beneficiary). It is not our role at this point in these proceedings to assess or resolve the merits of these conflicting claims in order to find interpleader appropriate. *See Aaron v. Merrill Lynch Pierce, Fenner & Smith*, 502 F. Supp. 2d 804 (N.D. Ind. 2007) ("[A] court isn't required to assess the merits of the competing claims in determining whether interpleader is appropriate because '[t]he stakeholder should not be obliged at its peril to determine which two claimants has the better claim.'") (quoting *John Hancock Mutual Life Ins. Co. v. Kraft*, 200 F.2d 952, 954

(2d Cir. 1953)).  The facts before us are sufficient to establish a real and reasonable fear on the part of USAA Life of conflicting claims, regardless of whether it may believe one claim is more legitimate than the other.  *See* 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 1704 (3d ed. 2001) ("It is immaterial whether the stakeholder believes that all claims against the fund are meritorious.  Indeed, in the usual case, at least one of the claims will be quite tenuous.").

Accordingly, having found that the jurisdictional requirements of § 1335 are satisfied and that USAA Life has demonstrated a reasonable and real fear of double liability or conflicting claims for the Policy proceeds, we <u>GRANT</u> Plaintiff's Motion to Interplead Funds.

## II.    Motion to Dismiss Counterclaim

Mr. Buchanan has filed a counterclaim against USAA Life for breach of contract, promissory estoppel, and intentional infliction of emotional distress.  USAA Life seeks dismissal of Mr. Buchanan's counterclaim on the grounds that none of these claims seeks recoverable relief that is distinct from the interpleaded funds.

It is well-recognized that "where a stakeholder is allowed to bring an interpleader action, rather than choosing between adverse claimants, its failure to choose between the adverse claimants (rather than bringing an interpleader action) cannot itself be a breach of a legal duty."  *Prudential Ins. Co. v. Hovis*, 553 F.3d 258, 265 (3d Cir. 2009).  Thus, courts have consistently rejected counterclaims that are "essentially based on the plaintiff's having opted to proceed via an interpleader complaint rather than having

chosen from among competing adverse claimants." *Lutheran Bhd. v. Comyne*, 216 F. Supp. 2d 859, 862 (E.D. Wis. 2002).

Having determined USAA Life's interpleader action to be proper, it cannot be liable for failing to distribute the interpleaded funds.  Because Mr. Buchanan's breach of contract, promissory estoppel, and intentional infliction of emotional distress claims are all directly predicated on USAA Life's failure to pay him the Policy proceeds, those claims must be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Id.* at 862–63 (dismissing counterclaim in interpleader action that "essentially object[ed] to the plaintiff's not having automatically paid the annuity proceeds to [one claimant]").

This does not mean that Mr. Buchanan is precluded from bringing a counterclaim against USAA Life that may be "truly independent of who was entitled to the life insurance proceeds." *Hovis*, 553 F.3d at 264.  For example, courts have held that a stakeholder can be held liable for diminishing the value of the interpleaded stake prior to the interpleader being filed, *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 643 (6th Cir. 2007), for misconduct separate from the decision to file an interpleader action, such as delaying filing for interpleader and misrepresenting the availability of funds, *Wachovia Bank, N.A. v. Zomax, Inc.*, No. 2:09-CV-0076, 2009 WL 3698443 (S.D. Ohio Nov. 3, 2009), or even "for its investigation of ownership of the stake, at least where defects in its investigation can plausibly be blamed for the existence of the underlying ownership controversy." *Hovis*, 553 F.3d at 265–66.  While Mr. Buchanan has advanced certain allegations and arguments in his briefing in response to Plaintiff's motion for

interpleader and motion to dismiss counterclaim that might, if properly pled, support some cause of action separate from the interpleaded funds, his counterclaim as currently pled does not do so and therefore must be dismissed without prejudice.

## III.   Conclusion

For the reasons detailed above, we <u>GRANT</u> Plaintiff's Motion to Interplead Funds and <u>GRANT</u> Plaintiff's Motion to Dismiss Counterclaim.

USAA Life is hereby <u>ORDERED</u> to deposit the $250,000 life insurance proceeds, plus applicable interest, into the court's registry forthwith.  The clerk is directed to accept the funds and deposit them into the disputed ownership fund.  USAA Life does not at this time seek to be dismissed entirely from this action; accordingly, after depositing the funds, it shall remain a named party until further order of the court.

IT IS SO ORDERED.

Date: _____6/23/2020_____

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jackie R. Clowers
APPLEGATE FIFER PULLIAM
jclowers@afpfirm.com

Ian P. Goodman
PAGANELLI LAW GROUP
ian@paganelligroup.com

Anna Muehling Mallon
PAGANELLI LAW GROUP
amallon@paganelligroup.com

Alan R. Trenz
TRENZ & KNABE CO., LPA
atrenz@trenzlaw.com