UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| USAA LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00279-SEB-DML |
| | ) | |
| OSCAR CYRANEK, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This interpleader action is now before the Court on the Motion to Dismiss [Dkt. 79] filed by Plaintiff USAA Life Insurance Company ("USAA Life"), the Motion for Summary Judgment [Dkt. 90] and Amended Motion for Summary Judgment [Dkt. 104] filed by Defendant Brian Buchanan, and the Cross Motion for Summary Judgment [Dkt. 104] filed by Defendant Oscar Cyranek. For the reasons detailed below, we <u>GRANT</u> Plaintiff's Motion to Dismiss and Defendant Buchanan's Motions for Summary Judgment and <u>DENY</u> Defendant Cyranek's Motion for Summary Judgment.

**Factual Background**[1]

On November 24, 2006, USAA Life issued to Monika Buchanan ("Monika") a Level Term Series V Life Insurance Policy, with a policy number ending in 8495 (the "Policy"). Pursuant to the Policy, in the event of Monika's death, USAA Life would pay to the beneficiary of the Policy the death benefits of $250,000 plus interest accruing at the

---

[1] We have drawn heavily on our prior recitation of the facts in our June 23, 2020 Order, altering the facts only to the extent relevant to the motions now before us.

1

rate of two percent.  With regard to designating or changing a beneficiary, the Policy provides that, "[w]hile the insured is alive, you may change the Beneficiary or any Contingent Beneficiary by Written Request" and "[a]fter we receive and record a Written Request for a change in … Beneficiary, Contingent Beneficiary, or Irrevocable Beneficiary, the change will take effect on the date the request was originally signed, even if the Owner who signed the request or the Insured has since died."  Dkt. 1-4 at 6 (General Provisions—Policy Changes), 7 (Beneficiary—Change of Beneficiary).  The Policy contains a choice-of-law provision providing that the Policy "will be governed by the laws of the state in which it is delivered."  *Id.* at 5 (General Provisions—Choice of Law).

When the Policy was first issued, Monika's husband at the time, Defendant Oscar Cyranek, was listed as its beneficiary.  Monika and Mr. Cyranek subsequently divorced, and Monika married Defendant Brian Buchanan on April 6, 2019.  On January 9, 2019, a few months before she married Mr. Buchanan, Monika contacted USAA Life by telephone and instructed USAA Life to remove Mr. Cyranek as the beneficiary of the Policy and designate Mr. Buchanan, who was then her fiancé, as the new beneficiary.  That same day, USAA Life issued correspondence to Monika in which it stated that Mr. Buchanan had been designated as the beneficiary of the Policy per Monika's oral instructions.

Sadly, a brief five weeks after her marriage to Mr. Buchanan, on May 17, 2019, Monika died.  In a letter dated May 24, 2019, USAA Life contacted Mr. Buchanan, advising him that he was the sole beneficiary of the Policy and inviting him to confer

with a USAA Life financial advisor. In that same letter, USAA Life provided to Mr. Buchanan the documents required to file a claim for the Policy proceeds, instructing him to mail, fax, or electronically remit them to USAA Life. A financial advisor from USAA Life also left a voicemail message with Mr. Buchanan offering to consult with him regarding his receipt of the Policy proceeds.

On June 11, 2019, Mr. Cyranek filed a petition with the Dearborn Circuit Court in Dearborn County, Indiana, requesting appointment as the personal representative of Monika's estate. In that petition, Mr. Cyranek represented under penalties of perjury that the proceeds of the Policy were meant to be paid not to him but to his and Monika's minor daughter. Mr. Cyranek further stated to the court that Mr. Buchanan had used a power of attorney to list himself as the beneficiary of the Policy, a representation that was later determined to be untrue.

Mr. Cyranek and Mr. Buchanan appeared in the Dearborn Circuit Court on June 11, 2019 for a hearing on Mr. Cyranek's petition. During the hearing, Mr. Buchanan agreed not to submit the documentation to claim the Policy proceeds during the time the court had the petition under consideration. The court thereafter appointed a third party to serve as the personal representative of Monika's estate who caused a subpoena to issue to USAA Life for all documents pertaining to the Policy. Based on that documentation, it was determined that Mr. Cyranek's and Monika's daughter had never been a named beneficiary under the Policy. There also is no evidence that Mr. Cyranek had at any time filed a claim with USAA Life, either on his behalf or on behalf of his daughter, to obtain the Policy proceeds.

In September 2019, Mr. Buchanan moved for summary judgment in the Dearborn Circuit Court case arguing that he was entitled to the Policy proceeds as the sole beneficiary. A hearing on Mr. Buchanan's motion was scheduled for November 25, 2019. However, prior to the hearing, Mr. Cyranek moved to voluntarily dismiss his claims to the proceeds of the Policy. At the November 25 hearing, the court granted Mr. Cyranek's motion to dismiss and appointed Mr. Buchanan as personal representative of Monika's estate, a position he continues to hold. There has been no adjudication by the state court determining the rightful beneficiary of the Policy proceeds.

Following the November 25, 2019 hearing, counsel for USAA conversed with Mr. Cyranek and his attorney as well as Mr. Buchanan and his attorney. Shortly thereafter, Mr. Buchanan submitted the necessary paperwork to claim the Policy proceeds. At some point thereafter, USAA Life contacted Mr. Buchanan to inform him that it was investigating whether Mr. Cyranek had a claim to the Policy proceeds since it had been informed that, despite his voluntary dismissal of his claims in the Dearborn Circuit Court proceeding, Mr. Cyranek might still intend to pursue a claim for the Policy proceeds in an alternate forum. That possibility eventually played out in the form of, Mr. Cyranek's current claim in this action before us that because the Policy required that any change of beneficiary be made in writing, which did not occur, he was the named beneficiary on the date of Monika's death and is entitled to the Policy proceeds.

USAA Life filed this interpleader action in our court on December 19, 2019, alleging "a real and reasonable fear of double liability or vexatious, conflicting claims regarding the proceeds of the Policy" and seeking "direction of the Court as to whom

4

should receive the proceeds of the Policy." Dkt. 1 ¶¶ 23–24. Simultaneous to the filing of its complaint, USAA Life moved to interplead the Policy proceeds of $250,000. That motion was granted on June 23, 2020, along with USAA Life's motion to dismiss Mr. Buchanan's counterclaim. On July 10, 2020, USAA Life sent to the Clerk of Court by certified mail the Policy proceeds, including interest and returned premiums, in the amount of $255,561.63. Those funds were received and deposited by the Clerk on July 16, 2020.

On July 14, 2020, USAA Life moved for its dismissal from the case with prejudice. Mr. Buchanan has objected to this motion; Mr. Cyranek has not objected. On August 5, 2020, Mr. Buchanan filed a motion for summary judgment, and, on August 25, 2020, amended his motion to clarify that he is requesting that the Court rule that he is the proper beneficiary of the Policy and that the proceeds, with interest, should be distributed solely to him. On September 25, 2020, Mr. Cyranek filed a cross motion for summary judgment, requesting that the Court deem him the proper beneficiary under the Policy and order the Policy proceeds distributed to him. We address these motions in turn below.

## Legal Analysis

### I. Motion to Dismiss

Having deposited the Policy proceeds with the Court, USAA Life now seeks to be dismissed from this action with prejudice. As USAA Life argues, it is well-settled that, once the insurer in an interpleader action has deposited the stakes to the court, the insurer should be dismissed from the case, unless resolution of the dispute for some reason requires the insurer's continued presence. *E.g.*, *Prudential Ins. Co. of Am. v. Barker*, N.

4:18 CV 76, 2020 WL 108661, at *3 (N.D. Ind. Jan. 9, 2020) (dismissing death benefit insurer with prejudice after it deposited the interpleader funds with the court); *Minn. Life Ins. Co. v. Kingkade*, No. 2:13 CV 212, 2014 WL 293812, at *4–5 (N.D. Ind. Jan. 27, 2014) (observing that interpleader actions "allow the stakeholder to deposit the disputed funds with the court, 'withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court.'") (citations omitted).

Mr. Cyranek has not responded to USAA Life's motion to dismiss. Mr. Buchanan objected to USAA Life's dismissal solely on grounds that his motion for leave to file an amended counterclaim against USAA Life was still pending. However, the Court has since denied Mr. Buchannan's request to file an amended counterclaim on grounds of futility. Accordingly, there is no longer any reason for USAA Life to be retained as a party in this litigation; it has deposited the Policy proceeds with the Court and a resolution of the current dispute does not require USAA Life's continued presence. For these reasons, USAA Life's Motion to Dismiss is granted and USAA Life is dismissed, with prejudice, from this lawsuit and from any and all liability to Defendants Buchanan and Cyranek, arising out of or relating to Monika Buchanan's Policy with USAA Life.

**II.     Cross Motions for Summary Judgment**

We turn next to address Mr. Buchanan's and Mr. Cyranek's cross motions for summary judgment. As a threshold issue, we must determine the appropriate law to apply to the parties' dispute. Mr. Buchanan argues that the choice-of-law provision in the Policy dictates that Ohio law governs; Mr. Cyranek contends that the choice-of-law

provision is ambiguous such that "there are valid reasons to argue that either Indiana or Ohio law should control." Dkt. 133 at 2.

When, as here, a federal court hears a case based on diversity jurisdiction, it must apply the choice of law statutes from the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Indiana's choice of law rules "generally favor contractual stipulations as to governing law." *Kentucky Nat'l Ins. Co. v. Empire Fire & Marine Ins. Co.*, 919 N.E.2d 565, 575 (Ind. Ct. App. 2010).

As discussed above, the Policy here contains a choice-of-law provision which states that "this policy will be governed by the laws of the State in which it is delivered." Dkt. 1-4 at 5. There is no dispute that at the time the Policy was issued Monika was a resident of Ohio and that she received and accepted the Policy there. Mr. Cyranek argues, however, that, because "delivered" is not defined in the Policy, the term is ambiguous: it could be interpreted as meaning either the location where the policy contract was delivered to the policyholder upon execution *or* the location where the proceeds were delivered upon the insured's death. Because at the time of her death Monika was a resident of Indiana, according to Mr. Cyranek, the Policy proceeds would be delivered there. Thus, he contends, the Policy's choice-of-law provision could be interpreted to require the application of Indiana law.

We are not persuaded by Mr. Cyranek's argument (such as it is). Initially, we note that he cites no case law in support of his contention. Additionally, regardless of whether Indiana or Ohio law applies in interpreting the Policy's choice-of-law provision, the result is the same—under both states' laws, unambiguous contract language is to be given its

"plain and ordinary meaning" and "an ambiguity does not exist simply because an insured and an insurer disagree about the meaning of a provision, but only if reasonable people could disagree about the meaning of the contract's terms." *Hughes v. First Am. Title Ins. Co.*, 167 N.E.3d 765, 768 (Ind. Ct. App. 2021); *accord Campbell v. 1 Spring, LLC*, 155 N.E.3d 186, 191 (Ohio Ct. App. 2020) ("A contract is ambiguous when its meaning cannot be determined from the four corners of the agreement or where the language is susceptible to two or more reasonable interpretations."); *Bluemile, Inc. v. Atlas Indus. Contractors, Ltd.*, 102 N.E.3d 579, 583 (Ohio Ct. App. 2017) ("In construing an insurance contract, the court is to look first at the plain and ordinary meaning of the language in the policy to understand the intent of the parties.").

We find no ambiguity in the Policy's choice-of-law provision in any event, which clearly and unequivocally states that the Policy is governed under the laws of the state in which the Policy is delivered. The plain and ordinary meaning of the term "delivery" refers to the state in which the Policy is received by the policyholder, which in this instance was Ohio. No other interpretation of this language is reasonable or logical. We find that the language is susceptible to no other reasonable interpretation. Accordingly, we hold that Ohio law applies here.

We turn next to the merits of the dispute between Mr. Buchanan and Mr. Cyranek. The dispositive issue is whether Monika's oral change in beneficiary would be given effect under Ohio law, despite the contract provision requiring that, "[w]hile the insured is alive, you may change the Beneficiary or any Contingent Beneficiary *by Written Request*" and "[a]fter we receive and record *a Written Request* for a change in …

Beneficiary, Contingent Beneficiary, or Irrevocable Beneficiary, the change will take effect on the date the request was originally signed, even if the Owner who signed the request or the Insured has since died." Dkt. 1-4 at 6–7 (emphasis added).

Under Ohio law, "provisions of a policy … regulating the mode and manner of effectuating a change of beneficiary are for the benefit of the insurer only," specifically, to ensure that "the insurer has received notice of the change in beneficiary" in order "to protect itself against duplicate liability." *Rindlaub v. Travelers Ins. Co.*, 194 N.E.2d 577, 579 (Ohio 1963). Accordingly, such procedures can be waived by the insurer, and, in an interpleader action such as this, "the relative rights of the litigants should depend upon the expressed intention of the insured. If [s]he has clearly indicated to the insurer [her] intention to change beneficiaries, [her] intention must be given effect." *Id.* Here, given USAA Life's explicit acknowledgement in writing of Monika's change in beneficiary from her ex-husband, Mr. Cyranek, to her then-fiancé, Mr. Buchanan, we are left with no doubt that she clearly had indicated to USAA Life her intention to change beneficiaries. Therefore, applying Ohio law, we hold that Monika's intention must be given effect, meaning that Mr. Buchanan is the rightful beneficiary and is entitled to the Policy proceeds.[2]

---

[2] Even if Indiana rather than Ohio law were deemed applicable here, the result would be the same. Although strict compliance with policy requirements is generally necessary to effect a change of beneficiary under Indiana law, Indiana courts have recognized certain exceptions to this rule, including where the insurer waives strict compliance with its own requirements regarding a change of beneficiary. *See Fletcher v. Wypiski*, 94 N.E.2d 916, 918–19 (Ind. App. 1950) (en banc). Here, Monika's verbal request to change beneficiaries, coupled with USAA Life's written acknowledgement of the beneficiary change both in its January 9, 2019 letter to Monika as well as its May 24, 2019 letter to Mr. Buchanan following Monika's death, establish USAA Life's clear waiver of strict compliance with the terms of the Policy.

### III. Conclusion

For the reasons detailed above, Plaintiff USAA Life's Motion to Dismiss [Dkt. 79] is <u>GRANTED</u> with prejudice. Defendant Brian Buchanan's Motions for Summary Judgment [Dkts. 90 and 104] are also <u>GRANTED</u>, and Defendant Oscar Cyranek's Motion for Summary Judgment [Dkt. 116] is <u>DENIED</u>. The Clerk of Court is directed to disburse to Defendant Buchanan the funds that were deposited by Plaintiff in this cause as set forth by separate Order. Final judgment shall be entered accordingly.

IT IS SO ORDERED.

Date: 7/14/2021

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jackie R. Clowers
APPLEGATE FIFER PULLIAM
jclowers@afpfirm.com

Ian P. Goodman
PAGANELLI LAW GROUP
ian@paganelligroup.com

Anna Muehling Mallon
PAGANELLI LAW GROUP
amallon@paganelligroup.com

Alan R. Trenz
TRENZ & KNABE CO., LPA
atrenz@trenzlaw.com