UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| USAA LIFE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-00279-SEB-DML |
| | ) |
| OSCAR CYRANEK, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES**

Now before the Court is the Motion for Attorney Fees [Dkt. 151] filed in this interpleader action by Plaintiff USAA Life Insurance Company ("USAA Life"). Defendant Brian Buchanan opposes USAA Life's request. For the reasons detailed below, we DENY Plaintiff's motion.

**Factual Background**

USAA Life filed this interpleader action in our court on December 19, 2019, alleging "a real and reasonable fear of double liability or vexatious, conflicting claims regarding the proceeds" of a life insurance policy USAA Life had issued on November 24, 2006 to Monika Buchanan. In filing this action, USAA Life sought "direction of the Court as to whom should receive the proceeds of the Policy" between Ms. Buchanan's ex-husband, Defendant Oscar Cyranek, and her husband at the time of her death, Defendant Brian Buchanan. Dkt. 1 ¶¶ 23–24. Simultaneous to the filing of its complaint, USAA Life moved to interplead the Policy proceeds of $250,000. Mr. Buchanan

1

counterclaimed, alleging claims against USAA Life for breach of contract, promissory estoppel, and intentional infliction of emotional distress.

On March 16, 2020, Mr. Buchanan served his first round of discovery on USAA Life, including 39 interrogatories, 17 requests for production, and 25 requests for admission.  USAA Life responded to this discovery and produced over 100 pages of documents, some subject to a protective Order, as well as numerous recorded calls. USAA Life also prepared a privilege log detailing the documents withheld from production.

USAA Life's motion for interpleader deposit was granted on June 23, 2020, along with USAA Life's motion to dismiss Mr. Buchanan's counterclaim on grounds that, while certain allegations and arguments advanced by Mr. Buchanan "might, if properly pled, support some cause of action separate from the interpleaded funds, his counterclaim as currently pled does not do so and therefore must be dismissed without prejudice."  Dkt. 76.  Shortly thereafter, on July 10, 2020, USAA Life sent to the Clerk of Court by certified mail the Policy proceeds, including interest and returned premiums, in the amount of $255,561.63.  Those funds were received and deposited by the Clerk on July 16, 2020.

On July 14, 2020, USAA Life filed a Motion to Dismiss, seeking dismissal from this action since the funds had been interplead into the Court.  In its motion, USAA Life requested that, "pursuant to Fed. R. Civ. P. 54(d) and S.D. Ind. Local Rule 54-1, USAA Life [be] given 14 days from the date of the Court's Order granting the Motion to Dismiss to file its Motion for Attorney's Fees and Costs."

Mr. Buchanan served a second round of discovery on USAA Life on July 15, 2020, including additional interrogatories and request for production directed at communications between USAA Life's counsel and the parties. Discovery disputes related to these requests arose, which necessitated rounds of correspondence between the parties and discovery conferences with the Court to resolve.

On July 17, 2020, Mr. Buchanan filed a Motion for Leave to File Amended Counterclaim and also responded in opposition to USAA Life's Motion to Dismiss on grounds that his motion seeking leave to file an amended counterclaim against USAA was pending before the Court and dismissal was therefore premature. These motions were both fully briefed. On March 30, 2021, the Court denied on the basis of futility Mr. Buchanan's motion to amend, finding that the "substance of the [amended counterclaim] is no different from the claims this court has already rejected" as "[e]ach of these claims still rests on Mr. Buchanan's contention that USAA Life should have 'automatically paid the [policy] proceeds to [him].'" Dkt. 141 at 4–5.

On July 14, 2021, the Court granted USAA Life's motion to dismiss with prejudice and granted Mr. Buchanan's motions for summary judgment. On that same date, the Court issued its Order of Disbursement, directing the Clerk to withdraw the $255,561.37 principal plus all accrued interest and disburse the funds to Mr. Buchanan, and entered Final Judgment in this matter.

On July 28, 2021, USAA Life filed its Motion for Attorney Fees, seeking an award of attorney fees in the amount of $73,655.73 in this interpleader action. Mr. Buchanan opposes USAA Life's fee request.

## Discussion

It is well-established that courts have discretion to award attorney fees from the deposited fund in an interpleader action when: "(1) the party seeking fees is a disinterested stakeholder; (2) the party concedes liability for the funds; (3) the party deposited the funds into the court; and (4) the party sought discharge from liability." *Thrivent Fin. for Lutherans v. Warpness*, No. 16-C-1321, 2017 WL 2790235, at *2 (E.D. Wisc. June 27, 2017) (citing *Hartford Life & Acc. Ins., Co. v. Sabol*, No. 09-C-45, 2010 WL 519725, at *3 (E.D. Wis. Feb. 9, 2010); *Law Offices of Beryl A. Birndorf v. Joffe*, 930 F.2d 25, 25 (7th Cir. 1991)); *see also Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008) ("[C]ourts often award attorney fees from the interpleader stake.") (citing *First Trust Corp. v. Bryant*, 410 F.3d 842, 856 (6th Cir. 2005) ("Despite the lack of explicit statutory authorization, modern federal practice follows the traditional equity rule that gives the trial court discretion to allow a disinterested stakeholder to recover attorney's fees and costs from the stake itself."). Although the Seventh Circuit has not definitively set forth the standard district courts should apply in determining whether to award a stakeholder its attorney fees in an interpleader action, the Court has recognized that "when the stakeholder's efforts are part of its normal course of business, courts generally do not award fees." *Sternitzke v. Pruco Life Ins. Co.*, 64 Fed. App'x 582, 585 (7th Cir. 2003) (citations omitted).

USAA Life contends that the Court should exercise its discretion to award attorney fees in this case because USAA Life is a disinterested stakeholder who was required to bring this interpleader action based on conflicting claims that were not of its

making, it conceded liability for the funds, deposited those funds into the court, and sought discharge from liability. USAA Life further argues that, even if the Court applies the "normal course of business" rule and finds that interpleader actions are part of its normal course of business, a fee award is still warranted here because USAA Life's efforts in this case far exceeded those which it expends in a typical interpleader action. Mr. Buchanan counters that interpleader actions—even those involving counterclaims—are within the normal course of business for insurance companies and the Court should therefore not deplete the stake to award fees to USAA Life, particularly when the fee amount requested exceeds 28% of the total funds interplead.

In evaluating attorney fee requests, "[c]ourts within the Seventh Circuit have taken differing approaches to interpleader actions brought by insurance companies." *Genworth Life and Annuity Ins. Co. v. Hubbell*, No. 19 CV 6547, 2020 WL 5076659, at *1 (N.D. Ill. Aug. 26, 2020). After careful review of these cases, we agree with the "[m]any district courts that have examined whether insurance companies should be excluded from receiving attorney's fees in interpleader actions" and "held that interpleader is a part of an insurers' regular business." *Minnesota Life Ins. Co. v. Swanner*, No. 3:20-cv-00399-GCS, 2020 WL 8265855, at *2 (S.D. Ill. Oct. 26, 2020) (collecting cases), R. & R. *aff'd*. 2020 WL 8265860 (S.D. Ill. Nov. 12, 2020). "It is an inevitable and expected risk in the insurance business that conflicting claims may arise concerning the proceeds of a policy," *id.* at *3, and "[b]ecause a conflict over policy proceeds is an inherent risk for insurance companies, litigation stemming from such a conflict is within a company's normal course of business." *Genworth Life*, 2020 WL 5076659, at *2. In this way, an insurance

company's "ability to mitigate costs ahead of time importantly distinguishes [it] from other types of stakeholders who might bring an interpleader action." *Id.*

Because this interpleader action involves the sort of disputed claim that is to be expected in the life insurance business, we find that an award of attorney fees in USAA Life's favor is not warranted. USAA Life points to Mr. Buchanan's counterclaims and the extensive motion practice and discovery in which it had to engage even after the Court permitted it to interplead the funds as evidence that this interpleader action is atypical and therefore outside its normal course of business. USAA Life claims that, due in large part to Mr. Buchanan's litigation strategy, its involvement in this case was needlessly protracted, justifying a fee award.

It is true that USAA Life was required to participate in this litigation beyond simply depositing the life insurance proceeds and requesting that it be discharged from liability. However, a national insurance company like USAA Life can certainly anticipate that at least some of the interpleader actions it files in the ordinary course of business will, like this one, require it to respond to counterclaims, participate in discovery, and/or engage in motion practice to resolve. Nor are we persuaded that in filing his original and amended counterclaims and/or in serving discovery requests on USAA Life, Mr. Buchanan engaged in unreasonable litigation tactics or intentionally delayed the proceedings to an extent requiring extraordinary efforts on USAA Life's part.

For these reasons, we find that USAA Life's efforts to resolve this dispute were within its normal course of business. Accordingly, Plaintiff's petition for attorney fees is <u>DENIED</u>.

IT IS SO ORDERED.

Date: _____3/11/2022_____　　　　　　　　　*Sarah Evans Barker*
　　　　　　　　　　　　　　　　　　　　　SARAH EVANS BARKER, JUDGE
　　　　　　　　　　　　　　　　　　　　　United States District Court
　　　　　　　　　　　　　　　　　　　　　Southern District of Indiana

Distribution:

Jackie R. Clowers
APPLEGATE FIFER PULLIAM
jclowers@afpfirm.com

Ian P. Goodman
PAGANELLI LAW GROUP
ian@paganelligroup.com

Anna Muehling Mallon
PAGANELLI LAW GROUP
amallon@paganelligroup.com

Alan R. Trenz
TRENZ & KNABE CO., LPA
atrenz@trenzlaw.com